UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


UNIVERSAL CITY STUDIOS et al.,                Case no. 14-81344-CIV-KAM

Plaintiffs,

vs.

NISSIM CORP.,

Defendant.
_____/

TWENTIETH CENTURY FOX HOME                Case no. 14-81349-CIV-KAM
ENTERTAINMENT  LLC,

Plaintiffs,

vs.

NISSIM CORP.,

Defendant.
_____/

PARAMOUNT PICTURES CORP,                Case no. 14-81350-CIV-KAM

Plaintiffs,

vs.

NISSIM CORP.,

Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs' Motion to Dismiss Amended

Counterclaims (DE 54 in case no. 14-cv-81344; DE 45 in case no. 14-cv-81349; DE 56 in case

no. 14-cv-81350).[1]  The motions are fully briefed and ripe for review.  The Court has carefully

considered the Motions and is otherwise fully advised in the premises.

    I.  Background

    Plaintiffs Universal Studio LLC et al., Twentieth Century Fox Home Entertainment LLC

and Paramount Pictures Corporation ("Plaintiffs") bring an eleven-count declaratory judgment

action against Defendant Nissim Corporation ("Defendant"), seeking a declaration that they did

not infringe Defendant's patents, that the claims of the Defendant's patents are invalid and that

Defendant is not entitled to any relief for any alleged infringement. (Compl., DE 1, case no. 14-

81344; Compl., DE 1, case no. 14-81349; Compl., DE 1, case no. 14-81350.)

    Defendant has filed an Amended Answer, Affirmative Defenses and Counterclaims in

response. (Answer, DE 44, case no. 14-81344.)[2]  According to the allegations of the

Counterclaims, Defendant is the owner of a valuable portfolio of patents which cover, among

other things, multiple features that are required by certain industry-adopted specifications known

as the "DVD Specifications for the Read Only Disc Part 3 Video Specifications, Version 1.1.,

December 1997" (the "DVD specifications").  (Counterclaim ¶ 7.)  All DVD-videos and devices

capable of playing DVD-videos ("DVD devices") which bear the industry-adopted DVD logo

must operate in accordance with the requirements of the DVD specifications. The DVD

specifications ensure the compatibility of all DVD-videos with all DVD-devices.  (Counterclaim

¶ 8.)   Defendant's patents have been recognized by virtually the entire consumer electronics

        [1] Because Plaintiffs filed identical briefs, for ease of reference, the Court will only refer to
the page numbers in the brief filed by Plaintiffs in case no. 14-cv-81344.

        [2] Again, for ease of reference, the Court will only refer to the counterclaims filed in case
number 14-cv-81344.

industry as essential to the required implementation of the DVD specifications in DVD-video discs and in devices capable of playing DVD-video discs. (Counterclaim ¶ 10.)

There are several essential capabilities contained within all DVD-videos and DVD-devices in compliance with the DVD specifications that infringe claims of Defendant's patents. Among these capabilities are seamless play and user operation control. (Counhterclaim ¶ 11.) Seamless play capabilities enable, in response to a user's content preferences, the non-intermittent playback of each of the different paths within a video that has multiple language credits, parental levels and/or multi-camera angles. The implementation of seamless play is demonstrated in DVD-videos that offer different versions within a video, such as both "R" and "PG" rated versions, or both theatrical release and director's cut versions. The DVD specifications provide for the use of segment information carried by a DVD-video to enable a DVD-device to play, from within the same video, more than one version of a video. The DVD specifications require every DVD-device to enable seamless play, and many DVD-videos, including videos manufactured and distributed by Plaintiffs, utilize such capabilities. (Counterclaim ¶ 12.)

User operation control capabilities enable the operation or prohibition of certain video playback controls, e.g. fast forward or skip, during the playback of a segment of a video. User operation control utilizes segment codes to prohibit users from, for example, fast-forwarding through certain segments, such as advertising and the FBI copyright warning. The DVD specifications require every DVD-device to enable user operation control, and virtually all DVD-videos, including most of the DVD-videos manufactured and distributed by Plaintiffs, utilize such capabilities. (Counteclaim ¶ 13.) User operation control and seamless play features are also

utilized and incorporated in the specifications for Blu-ray discs and devices that play such discs. (Counterclaim ¶ 14.)

The last remaining patents of Defendant expired on December 31, 2013 and Defendant seeks recovery of damages accruing prior to the patents' expiration dates. (Counterclaim ¶ 15.)

Defendant brings eleven counts of patent infringement, alleging violations of 35 U.S.C. § § 271(a), 271(b), 271(c) and 271(f).  Plaintiffs move to dismiss the claims for infringement under sections 271(b), 271(c) and 271(f) on the basis that Defendant has failed to plead facts indicating Plaintiffs had actual knowledge of Defendant's patents and specific intent to infringe under 271(b), 271(c) and 271(f).  Plaintiffs also contend that Defendant failed to plead facts supporting its allegations of infringement under 271(f).  Defendant responds that the counterclaims adequately allege knowledge and intent and are sufficiently pled.

II. Legal Standard

Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues. See In re Bill of Lading, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ( "Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit."); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. Thus, on review we apply the law of the regional circuit.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme

4

Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

Plaintiffs seek to dismiss the counterclaims brought pursuant to 35 U.S.C. § § 271(b),[3]

---

[3] Under 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271. To prevail, the patentee must show that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement to establish a claim for induced infringement. MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1378 (Fed. Cir. 2005).

271(c)[4] and 271(f)[5] on the ground that Defendant has not pled facts showing actual knowledge

and specific intent. The parties agree that it is necessary to allege that Plaintiffs acted with actual

knowledge of the patents and intent in order to state a valid claim of either inducing infringement

or contributing to infringement.  Instead, Plaintiffs argue that the counterclaims do not

adequately allege how Plaintiffs acquired knowledge of Defendant's patents, when that

knowledge was acquired and how Plaintiffs intended to induce or contribute to the inducement of

---

[4] Under § 271(c), "[w]hoever offers to sell or sells within the United States or imports into the United States  a component of a patented machine, manufacture, combination or composition or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."  35 U.S.C. 271(c). A section 271(c) claim requires knowledge of the existence of the patent that is infringed. Global–Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011).

[5] 35 U.S.C. § 271(f)(1) and (2) provide:

(f)(1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(2) Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f)(1) and (2).  Section 271(f) claims require a showing of specific intent to infringe. See Liquid Dynamics Corp. v. Vaughan Co., Inc., 449 F.3d 1209, 1222-23 (Fed. Cir. 2006).

Defendant's patents. Additionally, Plaintiffs challenge the use of Defendant's allegations that rely on "information and belief" as being inconsistent with Twombly and Iqbal.  Finally, Plaintiffs claim that the allegations in support of the section 271(f) claim are nothing more than a formulaic recitation of the elements.

The Court begins by observing that the Twombly plausibility standard does not prevent a party from pleading facts based "upon information and belief" where the belief stems from factual information that makes the inference of culpability plausible. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The Twombly Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556. Pleading facts based upon information and belief when those facts are "peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible" is therefore permissible.  See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010); Ceant v. Aventura Limousine & Transp. Svc., Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012).

Thus, the issue before the Court is not whether Defendant's use of "information and belief" is permissible, but rather whether the facts alleged allow the Court to find an inference of culpability.  To address that issue, the Court sets forth the pertinent allegations for each of these causes of actions.  The claims pursuant to section 271(b) state:

On information and belief, with knowledge of the patent and intent to infringe, [Plaintiffs] actively induced said direct infringement by end users under 35 U.S.C. § 271(b) by providing DVD-videos and BD-videos having seamless play capabilities for use with DVD-devices and BD-devices in the United States.

(Counterclaims ¶ ¶ 64, 71, 78, 85, 94.)

The claims pursuant to section 271(c ) state:

DVD-videos and BD-videos having user operation control and seamless play capabilities are a material part of one or more claims of the [ ] patent [ ] and are not staple articles or commodities of commerce suitable for substantial non-infringing use. By selling and offering to sell DVD-videos and BD-videos having user operation control and seamless play capabilities in the United States, and on information and belief knowing the same to be especially made or especially adapted for use by end users in said direct infringement of one or more claims of the [ ] patent [ ], [Plaintiffs are] liable for contributory infringement under 35 U.S.C. § 271(c).

(Counterclaims ¶ ¶ 65, 72, 79, 86, 95.)

The claims pursuant to section 271(f)(1) state:

[Plaintiffs are] liable as [ ] infringer[s] under 35 U.S.C. § 271(f)(1) of one or more claims of the [patent] [ ], by supplying or causing to be supplied in or from the United States a substantial portion of the components of the patented inventions, including without limitation components for providing DVD-videos and BD-videos with user operation control and seamless play capabilities, so as to, on information and belief, intentionally and with knowledge of the patent, actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

(Counterclaims ¶ 21, see also Counterclaim ¶ ¶ 29, 36, 43, 50, 57, 87, 96.)

The claims pursuant to section 271(f)(2) state:

[Plaintiffs are] liable as [ ] infringer[s] under 35 U.S.C. § 271(f)(2) of one or more claims of the [patent] [ ], by supplying or causing to be supplied in or from the United States a component of the patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial non-infringing use, including without limitation a component for providing DVD-videos and BD-videos with user operation control capability, and on information and belief knowing that such component is so made or adapted and intending that such

component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

(Counterclaim ¶ 22, 30; see also Counterclaim ¶ 23, 37, 44, 51, 58, 88, 97.)

A review of these claims show that Defendant has done nothing more than state that Plaintiffs have knowledge of the patent and an intent to infringe.  These barebone allegations do not provide the Court with an adequate basis to draw an inference of plausible culpability.  See Superior Industries, LLC. v. Thor Global Enterprises Ltd., 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of inducement claim that failed to allege "any facts to support a reasonable inference that [the alleged infringer] specifically intended to induce infringement . . . or that it knew it had induced acts that constituted infringement"); Brandywine Communications Techs., LLC v. Casio Computer Co. Ltd., 912 F. Supp. 2d 1338, 1347 (M.D. Fla. 2012) (dismissing inducement and contributory infringement claims where patentee has not alleged either knowledge of patents-in-suit before litigation or facts plausibly showing the alleged infringer intended their customers to infringe the patents and knew their customers' acts constituted infringement).

To the extent Defendant contends that Twombly does not apply to indirect-infringement cases (DE 67 at 9), the Court rejects this claim. See id. at 1343 ("to state a claim for induced infringement, a plaintiff must affirmatively plead 'facts plausibly showing that [the alleged infringer] specifically intended their customers to infringe the patent' and knew that the customer's acts constituted infringement); Merial Ltd. v. Ceva Animal Health LLC, No. 3:12–CV–154 (CDL), 2013 WL 4763737,  at * 7 (M.D. Ga. Sept. 4, 2013) (same); see also In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1337-

43 (Fed. Cir. 2012) (applying <u>Twombly</u> to induced infringement and contributory infringement);

<u>see</u> <u>also</u> <u>Global-Tech Appliances, Inc. v. SEB S.A.</u>, 131 S. Ct. 2060, 2068 (2011) (induced

infringement requires "knowledge that the induced acts constitute patent infringement.").   The

cases relied upon by Defendant pre-date this line of cases and are therefore unpersuasive.[6]

   Furthermore, the Court rejects Defendant's argument, in response to the motion to

dismiss, that Plaintiffs' various complaints admit knowledge of some of Defendant's patents and

therefore those complaints "provide more than adequate factual detail for pleading purposes."

(DE 67 at 9-10.)  In its memorandum, Defendant also refers to a notice sent in 2002 to one of the

Plaintiffs as evidence of knowledge.[7]  The Court rejects these arguments.  It is up to Defendant to

plead notice in its counterclaims, not in its response memorandum.  <u>See</u> <u>St. George v. Pinellas</u>

<u>County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The scope of the review must be limited to the

four corners of the complaint.").  Given the sheer number of counterclaims, patents at issue, and

the multiple theories of liability pled in the counterclaims, it is essential that the facts that give

rise to knowledge and intent are clearly pled by Defendant.

   The Court finds that without providing a factual basis that Plaintiffs had knowledge of the

patents, the counterclaims also lack a sufficient basis to infer that Plaintiffs had sufficient intent.

<u>See</u> <u>Zond, LLC v. Toshiba Corp.</u>, No. 13–cv–11581–DJC, 2014 WL 4056024, at *6  ("intent can

---

[6] Nor is Defendant's reliance on <u>ParkerVision, Inc. v. Qaulcomm Inc.</u>, No. 3:11–cv–719–J–37TEM, 2013 WL 1277894 (M.D. Fla. Mar. 28, 2013) persuasive.  In that case, none of the allegations were based on information and belief and the court found that there was a plausible inference in the complaint that the alleged infringer knew of direct infringement of its customers and users and that it intended to induce its customers to infringe.

[7] Notably, Plaintiffs admit that they received letters regarding some patents from Defendant, but they note that they have not received letters regarding all the patents at issue in the counterclaim.

be inferred from the 'accused infringers' knowledge of [the] patents"). The cases relied upon by Defendant do not convince the Court otherwise. For example, in <u>U.S. Water Svcs., Inc. v. Novozymes A/S</u>, 25 F. Supp. 3d 1088, 1094 (W.D. Wisc. 2014), the complaint alleged that the alleged infringer instructed potential customers to buy their product and use it in the same way as the patentee's patented methods. <u>See also</u> <u>Conair Corp. v. Jarden Corp.</u>, No. No. 13–cv–6702 (AJN), 2014 WL 3955172, at * 3 (S.D.N.Y. Aug. 12, 2014) (the complaint alleged intent by putting the alleged infringer on notice by letter); <u>E. Digital Corp. v. Intel Corp.</u>, No. 13–cv–2905–H–BGS, 2014 WL 2581061, at * 3 (S.D. Cal. Apr. 24, 2014) (complaint alleged that the alleged infringer provided customers with product literature on how to use the product in an infringing manner). Defendant has provided none of these types of supporting facts. Furthermore, the counterclaims do not provide sufficient facts to show the relationship between the Plaintiffs, the "end users," and the unlicensed disc players. Without an adequate factual basis, it is difficult to conclude that Plaintiffs had the requisite intent.

For the foregoing reasons, the Court grants Plaintiffs' motion to dismiss the counterclaims. Defendant, however, may amend the counterclaims to remedy the pleading deficiencies.[8]

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Dismiss Amended Counterclaims (DE 54 in case no. 14-cv-81344; DE 45 in case no. 14-cv-

---

[8] The Court rejects Plaintiff's request that leave to amend be denied. Plaintiffs argue that they gave Defendant opportunities to amend and Defendant has been unable to draft adequate claims. From the Court's perspective, however, this is first time the counterclaims have been challenged and, at this stage, futility cannot be established.

81349; DE 56 in case no. 14-cv-81350) are **GRANTED**.  Defendant is granted leave to amend the counterclaims **within 14 days of the date of entry of this Order**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2015.

_____
KENNETH A. MARRA
United States District Judge